**Claude BATEMAN, Plaintiff,**

**Clara Mae Bateman Graffeo, Individually, and on Behalf of Octavia Mae Bateman Graffeo, etc., et al., Plaintiffs-Appellants,**

v.

**JOHNS–MANVILLE SALES CORP., et al., Defendants,**

**Keene Corporation, et al., Defendants-Appellees.**

**Nos. 85–4176, 85–4300 and 85–4433.**

United States Court of Appeals, Fifth Circuit.

Feb. 5, 1986.

James S. Thompson, New Orleans, La., for Pittsburg Corning.

Robert S. Rooth, L. Havard Scott, III, New Orleans, La., for Owens-Illinois, Inc.

Sylvia Landry, New Orleans, La., for Raymark Industries, Inc.

Kathleen M. Overcash, Bert Wilson, Lafayette, La., for Keene Corp.

M. Blake Monrose, Lafayette, La., for Celotex Corp.

Edward O. Taulbee, IV, Lafayette, La., for Combustion Engineering, Inc.

Maria I. O'Byrne Stephenson, New Orleans, La., for Rockwool Mfts.

Daniel A. Reed, William C. Kaufman, Baton Rouge, La., for Fibreboard Corp.

Cheryl A. Denney, M.H. Gertler, Gertler & Gertler, New Orleans, La., for Clara Mae Bateman Graffeo.

Jacob D. Landry, New Iberia, La., for Flintkote Co.

James R. Nieset, Lake Charles, La., for Nicolet, Inc.

Frederick L. Cappel, Lake Charles, La., for Owens Corning Firberglas Corp.

Robert N. Ryan, William L. Brockman, New Orleans, La., for Gaf Corp.

M.N. Grossel-Rossi, New Orleans, La., for defendants-appellees.

Before JOHN R. BROWN, JOHNSON and E. GRADY JOLLY, Circuit Judges.

**OPINION**

E. GRADY JOLLY, Circuit Judge:

In this diversity-based asbestos case, we are presented with the question whether Louisiana law allows the application of the theory of market share liability to a case where the plaintiffs are unable to show that any of the defendants manufactured or supplied the asbestos product thought to have injured the plaintiffs' decedent. Bound by precedent, and seeing no indication from the Louisiana courts or legislature that adoption of such a theory is appropriate, we affirm the dismissal of the plaintiffs' cause.

**I.**

Claude Bateman filed this lawsuit in 1982. He requested damages for the injury he suffered as a result of exposure to asbestos-containing insulation products while employed at Chicago Bridge & Iron Works in Morgan City, Louisiana. Six months after he initiated suit, Bateman died, suffering from asbestosis and lung cancer, and his daughter and wife were substituted as plaintiffs. The defendants are thirteen manufacturers of asbestos and asbestos-containing products.

The plaintiffs are unable to identify any of the asbestos-containing products that allegedly caused Bateman's harm, or any of the manufacturers of the asbestos-containing products to which Bateman was exposed. Because the plaintiffs thus failed to adduce any evidence indicating that the defendants caused or contributed to Bateman's harm, the district court granted the thirteen defendants' motion for summary judgment.

The plaintiffs argue on appeal that the theory of market share liability should be applied to their case so as to relieve them of the burden of identifying the cause of Bateman's injury. The theory of market share liability was first developed by the California Supreme Court in *Sindell v. Abbott Laboratories*, 26 Cal.3d 588, 607 P.2d 924, 163 Cal.Rptr. 132, *cert. denied*, 449 U.S. 912, 101 S.Ct. 285, 66 L.Ed.2d 140 (1980), a diethylstilbestorol ("DES") case. The *Sindell* plaintiff was unable to identify any defendant as manufacturer of the specific product that caused her injury. In a limited departure from traditional doctrines of tort liability, *Sindell* shifted the burden to the industry defendants to prove that each could not have manufactured the products that had caused the plaintiff's injury. Each defendant that could not make that exculpatory showing would then be held liable for a proportion of the judgment corresponding to its percentage share of the DES market.

The plaintiffs here claim that the market share liability theory is appropriate to apply to this asbestos case because they are unable to link any manufacturer to their decedent's injury. We conclude, however, that our application of that theory is foreclosed by our recent decision in *Thompson v. Johns-Manville Sales Corp.*, 714 F.2d 581 (5th Cir.1983). Like the case before us today, *Thompson* was a diversity appeal that presented the question whether the law of Louisiana would dispense with proof of causation against multiple defendants in an asbestos case. We noted there that the Louisiana courts have not indicated any trend that would support our adopting for Louisiana such a radical expansion of tort liability theories. The disposition of the market share liability issue in *Thompson* thus governs Bateman's case.

The plaintiffs claim that their case differs from Thompson's because while Thompson had identified some of the products and manufacturers that allegedly caused his harm, the plaintiffs have been able to identify none. In the absence of the market share theory, the plaintiffs, unlike Thompson, are left without a defendant and therefore without a remedy. We disagree with the plaintiffs' assertion that

this factual difference mandates a result different from that reached by *Thompson.* We are bound by the *Thompson* holding that it is for the State of Louisiana to decide for itself whether to make the major policy change of adopting the market share theory.*

AFFIRMED.

---

* Although the plaintiffs request it, we decline to certify the question to the Louisiana Supreme Court. *Thompson* disposes of the question whether to adopt the market share theory, the only issue presented by this case. Even if *Thompson* did not so mandate, this case is an inappropriate one to certify in the light of several serious gaps apparent in the plaintiffs' conducting of pretrial discovery.